1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8    GLADYS R. GILLETT,                        )
                                               )
9                      Plaintiff,              )
                                               )
10            v.                               )        3:11-cv-00823-RCJ-VPC
                                               )
11   BANK OF AMERICA, N.A., et al.,            )        **ORDER**
                                               )
12                     Defendants.             )
                                               )
13   _____ )

14

15           This is a residential foreclosure avoidance case.  Pending before the Court are a Motion to

16   Dismiss (ECF No. 30) and a Motion to Amend (ECF No. 31).  For the reasons given herein, the

17   Court grants the motion to dismiss and denies the motion to amend.

18   **I.       FACTS AND PROCEDURAL HISTORY**

19           Plaintiff Gladys R. Gillett executed a promissory note (the "Note") secured by a deed of trust

20   (the "DOT") against real property located at 3835 Pershing Lane, Carson City, 89704 (the

21   "Property"), which was recorded in Washoe County[1] on July 31, 2007. (*See* DOT 2–3, 5, ECF No.

22   18-1).  The mortgage dated, July 23, 2007, was for $231,000.  (*Id.* at 3).  The lender was

23   Countrywide Home Loans, Inc. ("Countrywide"), the trustee was Fidelity National Title Insurance

24   ("Fidelity"), and Mortgage Electronic Registration System, Inc. ("MERS") was the beneficiary of the

25   DOT. (*See id.*).  On November 1, 2010, Plaintiff defaulted. (*See* Notice of Default ("NOD") 2, ECF

26   No. 18-3). On March 28, 2011, Recontrust Company, N.A. ("Recontrust") executed the NOD,

27   recording it the next day. (*See id.* 2–3).  The NOD stated that Recontrust was the trustee for the

28

     _____

        [1]  The DOT indicates that the property is located in Washoe County and not in the City and
     County of Carson. (*See id.* 5).

1    beneficiary under the DOT. (*See id.* 2).  On July 1, 2011, Recontrust recorded a certificate from the

2    state Foreclosure Mediation Program ("FMP") stating that mediation was not applicable to the

3    Property and that the beneficiary could proceed with foreclosure. (*See* FMP Certificate, ECF No. 18-

4    4).  On July 1, 2011, Recontrust recorded a notice of trustee's sale (the "NOS"). (*See* NOS 2–3, ECF

5    No. 18-5).  On September 20, 2011, Recontrust recorded a trustee's deed upon sale, which explained

6    that Recontrust had sold the property for $243,085.40 to the Federal National Mortgage Association

7    ("Fannie Mae") on September 12, 2011 at a public auction. (Trustee's Deed Upon Sale 2, ECF No.

8    18-6).

9         Plaintiff sued Defendants in state court.  Defendant removed.  The parties stipulated to permit

10   Plaintiff to amend the Complaint.  The First Amended Complaint ("FAC") named Bank of America,

11   N.A. ("BOA") and Fannie Mae as Defendants on eight causes of action.  The Court dismissed all

12   claims, giving Plaintiff leave to amend the fourth claim for statutorily defective foreclosure under

13   section 107.080 of the Nevada Revised Statutes ("NRS") within twenty days.  Defendants have

14   asked the Court to dismiss for failure to comply with that order and for failure to state a claim.

15   Plaintiff has asked for leave to amend.

16   **II.  DISCUSSION**

17        Defendants correctly note that Plaintiff has never filed a second amended complaint.  The

18   Court previously dismissed with leave to amend because Plaintiff did not specifically plead the

19   particular statutory defect the Court noticed, i.e., that Recontrust had apparently filed the NOD

20   without having been substituted as trustee.  The Court normally permits statutorily defective

21   foreclosure claims to proceed without any amendment to more specifically allege potential defects

22   the Court notices, and Defendants have not yet produced evidence of a substitution of trustee.  But

23   the fact remains that Plaintiff not only failed to file a second amended complaint within twenty days

24   of the order, she has failed to file any proposed second amended complaint for over a year after the

25   order giving her twenty days, despite the (by now plainly false) claim in her ten-month-old

26   opposition to the present motion to dismiss that she "has every intention of prosecuting this action."

27   ///

28   ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 30th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge